UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

DONYELL DEWAYNE HOLLAND, )
)
    Petitioner, )
)
v. ) No. 1:25-CV-200-TAV-MJD
)
BRETT COBBLE, )
)
    Respondent.[1] )

## MEMORANDUM OPINION

Petitioner, a state prisoner, filed a petition for a writ of habeas corpus challenging his 2024 Hamilton County convictions for various charges [Doc. 1]. But as it is apparent from the face of his petition that Petitioner did not exhaust his available state court remedies prior to filing the petition, this action will be **DISMISSED without prejudice**.

Before a federal court may grant habeas corpus relief, the petitioner must have exhausted the remedies available to him in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Collins v. Million*, 121 F. App'x 628, 630 (6th Cir. 2005) (finding that a habeas corpus petitioner "is required first to exhaust his state court remedies"). Exhaustion requires a petitioner to "fairly present" a federal claim to the state courts to allow the state courts a "fair opportunity" to apply controlling legal

---

[1] Petitioner lists a number of individuals and the State of Tennessee as Respondents in his petition [Doc. 1, p. 1]. However, the proper Respondent herein is Brett Cobble, as he is the Warden of Bledsoe County Correctional Complex, *see* https://www.tn.gov/correction/state-prisons/state-prison-list/bledsoe-count-correctional-complex.html (last visited June 30, 2025), which is where Petitioner is confined [*Id.*]. Accordingly, the Clerk is **DIRECTED** to terminate all Respondents except Brett Cobble on the Court's docket.

principles to the facts bearing upon that claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275–77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). Thus, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before seeking federal habeas corpus relief. *O'Sullivan*, 526 U.S. at 845.

A district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that a petitioner has not presented a habeas corpus claim to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Shah v. Quintana,* No. 17-5053, 2017 WL 7000265, at *1 (6th Cir. July 17, 2017) (providing that "a sua sponte dismissal [of a habeas corpus petition] . . . may be appropriate where a petitioner's failure to exhaust is apparent from the face of the pleading itself").

In his petition for habeas corpus relief, Petitioner states that while he filed a notice of appeal of his convictions, that appeal was dismissed as premature [Doc. 1, p. 2]. Petitioner also asserts that his motion for a new trial for his convictions is still pending in the trial court [*Id.* at 3]. Thus, it is apparent that Petitioner has not exhausted any of his claims for habeas corpus relief with the Tennessee Court of Criminal Appeals prior to filing this action, and that he still may do so.

Moreover, while Petitioner asserts in his petition that the trial court's delay in ruling on his motion for a new trial "has overlapped" with his federal habeas corpus statute of limitations and that he therefore filed his petition to make sure it was timely [*Id.* at 4], the federal habeas corpus statute of limitations does not begin to run until after the conclusion

of direct review. 28 U.S.C. § 2244(d)(1)(A). The Court further notes that the federal statute of limitations is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

Petitioner does not request that the Court stay these proceedings while he exhausts his state-court remedies for his unexhausted claim(s) [*See generally id.*]. Nor has Petitioner demonstrated "good cause" for his "failure to exhaust his claims first in state court," such that the Court could find that he may be entitled to stay of these proceedings while he exhausts his unexhausted claim(s) with the state court. *Rhines v. Weber*, 544 U.S. 269, 273, 277–78 (2005) (providing that "because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court[,]" and where the "unexhausted claims are [not] plainly meritless").

Accordingly, this action will be **DISMISSED without prejudice** due to Petitioner's failure to exhaust his available state court remedies prior to filing this action. Now the Court must consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a habeas corpus case only if he is issued a COA, and a COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists

3

of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As reasonable jurists would not debate the Court's determination that Petitioner did not exhaust his available state court remedies prior to filing this action, a COA will not issue, and the Court **CERTIFIES** that any appeal of this dismissal would not be taken in good faith.

For the reasons set forth above:

1. This action will be **DISMISSED without prejudice**; and

2. A COA will not issue.

AN APPROPRIATE JUDGMENT ORDER WILL ENTER.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE